Ex Parte Ramírez.

Appeal from the District Court of Humacao.

No. 2.—Decided November 19, 1904.

Ownership—Citation of Former Owners of the Property or of Their Prede-
cessors in Interest.—When in a proceeding to secure a declaration of owner-
ship (dominion title) the former owners of the real estate, or their prede-
cessors in interest, have not been cited, either personally, if their domicile
be known, or otherwise by publication, the proceeding is fatally defective, and
such defect will prevent the granting of the title sought.

STATEMENT   OF   THE   CASE.

This is an action prosecuted in the former District Court
of Humacao by Attorney Luis Muñoz Morales, in the name of
Manuel Ramírez Rivera, seeking to obtain a dominion title to
three rural estates. The case is now pending before us on
appeal taken by counsel for the petitioner from the judgment
rendered by the said district court, which reads as follows:

"Humacao, May 15, 1903. On February 14 last Attorney Luis
Muñoz Morales, on behalf of Manuel Ramírez Rivera, filed a petition
in this court praying that his client be declared to be the owner of
the following properties, to-wit: 17.80 *cuerdas* of land in *barrio* Na-
varra, acquired by purchase from Santiago Cruz, according to private
document; 64.29 *cuerdas* of land in the same *barrio,* purchased from
Agustín González, no recordable title having been given; 7 *cuerdas*
of land situated in the same *barrio,* acquired by purchase from the
Estate of Cruz, according to private document; 3 *cuerdas* of land in
the said *barrio* Rincón, acquired by purchase from the Estate of José
María Carrasquillo, according to private document; 4.03 *cuerdas* of
land in the same *barrio,* acquired by purchase from Avelino González,
according to private document; 2.50 *cuerdas* of land in the same
*barrio,* acquired by purchase from Juan Ramón Quiñones, according
to private document; 6 *cuerdas* in the same *barrio,* acquired by pur-
chase from the Estate of Fermín Carrasquillo, according to private
document; 13 *cuerdas* in the same *barrio,* acquired by purchase from
Higinio Torres, without a recordable title; 9.05 *cuerdas* in the same

*barrio,* purchasd from Matías González Riera, without a recordable title. All of these parcels together form three separate tracts of land, which are described as follows: (a) A tract of land consisting of 89.09 *cuerdas,* equivalent to 35 hectares, 1 are and 58 centiares, situated in *barrio* Navarro, within the former municipality of Gurabo, but now included within the municipal jurisdiction of Caguas, and at the present time bounded on the north by lands belonging to Gabriel Borrás and Inés Correa; on the south by the lands of the estate of Jaime Vilá, represented by his widow, Luisa Santana; on the east by lands belonging to Alejandrina Villa, Amalia Cruz and other lands of Ramírez; and on the west by lands belonging to the estate of Jaime Vilá and Santiago Cruz, there being situated upon this tract a single-story dwelling house built of native lumber, with a thatched roof; also three buildings used as warehouses, two with thatched roofs and one with an iron roof, as well as two sheds with thatched roofs, all being valued at $1,600. (b) Another tract of land, without name, situated in *barrio* Rincón within the same municipality, and consisting of 28.53 *cuerdas,* equivalent to 11 hectares, 11 ares and 31 centiares, bounded on the north by the highway leading to Humacao, which separates this tract from the lands of the Estate of Matías González, represented by his widow, Natividad García; on the south and west by other lands of Manuel Ramírez; and on the east by those of Mariano Vías and Apolinar Hernández, valued at $850. (c) Another tract of land called 'El Islote,' situated within the same *barrio* of Rincón, and consisting of 9.05 *cuerdas,* equivalent to 3 hectares, 54 ares and 82 centiares, bounded on the north by lands of Pedro Marcano; on the south by lands of José Ramírez and those of the petitioner herein; on the east by lands of José Ramírez; and on the west by those of the estate of Pedro Sala, represented by Benigno López, and by the Gurabo River, valued at $450. As evidence the petitioner offered the private documents under which these tracts of land were acquired, a certificate of survey, and the tax receipts, as well as the testimony of witnesses. Petitioner prayed that proceedings be commenced and that the former owners and the present adjoining property holders be cited, and that the district attorney be heard; that the evidence offered be taken and that notice be served by publication upon the former owners whose residences were unknown, and other unknown persons whose interests might be prejudiced by the inscriptions prayed for, and that in due time the ownership of the three rural estates described be declared to have been proved, and that the said inscriptions be orderd to be made in the registry of property.

"By an order made on the 14th of the month aforesaid the petition was submitted to the district attorney, and the former owners of the said properties, or their predecessors in interest, were ordered to be cited. The evidence offered was admitted and ordered to be heard, and the district attorney was directed to be cited, as well as the unknown persons whose interests might be prejudiced by the inscription of the ownership of the aforesaid properties, by means of notices to be posted in public places and published in the newspaper 'La Democracia,' citing them to appear within sixty days to allege their rights.

"The owners of the adjoining land and the former owners having been cited, the notices published, and the testimony of the witnesses having been heard, the record of the proceedings was submitted to the district attorney, who made no opposition to the granting of the petition.

"Associate Judge Charles E. Foote prepared the opinion.

"The petitioner herein attaches to his application several private documents referring to the different tracts of land, a dominion title to which is sought to be secured in this proceeding, and the testimony of witnesses, in conformity with the allegations contained in the petition, shows that in the acquisition of these parcels of land by Manuel Ramírez Rivera no recordable title was given, it not having been proved in any manner, nor has it been stated that the petitioner is without a written title of ownership, which is the only condition under which the Mortgage Law provides for such proceedings, as set out in Article 395, and the application herein made is denied and the declaraation of ownership prayed for will not be made.

"It was so ordered and the judges of the court sign, to which I certify. Salvador Fulladosa, Ramón Quiñones, Charles E. Foote.—Enrique Lloreda."

From the foregoing judgment counsel for the petitioner, Manuel Ramírez, took an appeal, which was allowed both for review and stay of proceedings, and the record having been sent up to this court and the parties having been cited and summoned to appear and the appellant having made his appearance herein, the proper formalities on appeal were duly had and a day was set for the hearing, at which Attorney Antonio Sarmiento, as counsel for the appellant, appeared, and the *fiscal* of this court appeared in support of the appeal.

*Mr. Sarmiento,* for appellant.

*Mr. Rossy, Fiscal,* for the People.

Mr. Chief Justice Quiñones, after stating the foregoing facts, delivered the opinion of the court.

The findings of fact contained in the judgment appealed from are accepted, with the exception of the last one.

The adjoining property owners and the former owners of the properties involved herein having been cited, with the exception of the heirs of José Maria and Fermín Carrasquillo, Agustín and Matías González Riera, and the Cruz brothers, who were served with notice through other persons whom the petitioner stated represented them without proving his statement, and the notices having been published and the testimony of witnesses having been heard, the record was submitted to the district attorney, who did not oppose the granting of the petition.

The provisions of article 395 and rule 5 of article 391 of the Mortgage Law of this Island not having been complied with, in the citation of the former owners of the lands or their predecessors in interest, according to which articles the former owners or their predecessors in interest must be cited in person, if their residences are known, and otherwise by publication, therefore in the formalities had in this proceeding a fundamental defect exists which prevents the approval of the same.

In view of the provisions of the articles of the Mortgage Law above cited and in force in this Island, we adjudge that we should affirm, and we do affirm, the judgment appealed from which was rendered on May 15 of last year, in so far as the dominion title prayed for is therein denied, with costs against the appellant.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.